UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO.

UNITED STATES OF AMERICA                                               PLAINTIFF

V.                              PLEA AGREEMENT

A. JADE HOWARD                                                          DEFENDANT
    aka Ashley Howard
    aka Ashley Amber Howard

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole count of the Information, charging a violation of 18 U.S.C. § 201(b)(2)(C), bribery. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of the offense are:

    a. The defendant was a public official, as defined in 18 U.S.C. § 201(a)(1), including any employee or person acting for or on behalf of the United States, or any department, agency or branch of government thereof, in any official function, under or by authority of any such department, agency, or branch of government.

1

    b. The defendant directly or indirectly demanded, sought, received, accepted, or agreed to receive or accept a thing of value, either personally or for another person or entity.

    c. The defendant sought, accepted, or agreed to accept the thing of value in return for being induced to do an act or omit to do an act in violation of his/her official duty.

    d. The defendant acted corruptly

3. As to the sole count of the Information, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    a. From 2021, and continuing through on or about October 16, 2024, the Defendant was employed by the United States Bureau of Prisons, an agency of the United States, at the Federal Medical Center Lexington ("FMC Lexington"), a federal correctional facility. Defendant was initially employed as a correctional officer and then as a materials handler. As a materials handler, Defendant continued to have correctional and custodial authority over inmates in the FMC Lexington and carried a weapon and had arresting authority. In the Spring of 2023, Defendant was approached by an inmate at FMC Lexington to smuggle tobacco cigarettes into the correctional facility. Defendant knew from her training and experience at FMC Lexington, inmates having tobacco or other illicit substances inside of the FMC Lexington was a violation of the correctional facility policy. Defendant also knew that she would have a duty to report any inmate who she was aware had contraband. Despite this and because Defendant wanted the money, she agreed to and

2

did smuggle the contraband tobacco into the facility, and was paid through accounts on mobile banking applications starting in December 2023.

    b. In August of 2024, Defendant was approached by the same inmate for whom she was smuggling the tobacco for and asked to smuggle synthetic marijuana into the FMC Lexington in exchange for money. Defendant agreed, and smuggled 50 sheets of paper laced with what she believed to be synthetic marijuana into the FMC Lexington in exchange for money. In September of 2024, Defendant again agreed to smuggle 50 sheets of paper laced with what she believed to be synthetic marijuana into the FMC Lexington in exchange for money. On September 25, 2024, other staff at FMC Lexington learned of Defendant's conduct, and found and confiscated the remaining sheets of paper she had brought to the inmate inside of FMC Lexington. At the time that the papers were confiscated, there was concern that the substance on the paper was fentanyl because of how the inmates who ingested it were feeling. Laboratory testing of the paper revealed that it had been laced with 5F-ADB, which is a Schedule I controlled substance non-narcotic.

    c. Defendant admits that she corruptly agreed to, and did smuggle 5F-ADB and tobacco into FMC Lexington no later than December of 2023 until October 16, 2024, in exchange for $18,602.00 that she received through mobile banking applications.

4. The statutory punishment is imprisonment for not more than 15 years, a fine of not more than $250,000.00 or not more than three times the monetary equivalent of the thing of value, whichever is greater, and not more than 3 years supervised release. The Defendant may also be disqualified from holding any office of honor, trust, or profit

under the United States. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

>   (a) United States Sentencing Guidelines (U.S.S.G.) Manual in effect at the time of sentencing will determine the Defendant's guidelines range.
>
>   (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes information in Paragraph 3 and provided in discovery.
>
>   (c) Pursuant to U.S.S.G. § 2C1.1, the base offense level is 14.
>
>   (d) Pursuant to U.S.S.G. § 2C1.1(b)(1), increase the offense level by 2 levels for multiple bribes.
>
>   (e) Pursuant to U.S.S.G. § 2C1.1(b)(2), increase the offense level by 4 levels for the money involved being more than $15,000.00.
>
>   (f) Pursuant to U.S.S.G. § 2C1.1(b)(3), increase the offense level by 4 levels because Defendant was in a sensitive position. Defendant reserves the right to object to this enhancement.
>
>   (g) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.
>
>   (h) There are no victims or restitution owed in this matter.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a

4

mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The United States will recommend releasing the Defendant on conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

10. The Defendant also consents to the imposition of a forfeiture money judgment in the amount of $18,602.00, which represents the amount of proceeds that the Defendant obtained as a result of the offense to which she is pleading guilty. The Defendant consents to the entry of a Preliminary Order of Forfeiture. If the Defendant fails to pay in full the forfeiture money judgment, she consents to the forfeiture of any other property of hers up to the amount of the forfeiture money judgment, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his/her right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the

Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to

reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

13. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 9/9/25

By: _____
Emily K. Greenfield
Assistant United States Attorney

Date: 8/26/25

_____
A. Jade Howard
Defendant

Date: 08.27.2025

_____
Murdoch Walker
Attorney for Defendant